UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-3658(DSD/JJG)

Clyde W. Tiffany, individually
and as Personal Representative
for the Estate of Nancy E. Tiffany,
decedent,

       Plaintiff,

v.                                                **ORDER**

The Northwestern Mutual Life
Insurance Company,

       Defendant.

    Richard P. Mahoney, Esq., Victor E. Lund, Esq. and Mahoney, Dougherty and Mahoney, 801 Park Avenue, Minneapolis, MN 55401, counsel for plaintiff.

    Erik T. Salveson, Esq., Christine M. Mennen, Esq. and Halleland, Lewis, Nilan & Johnson, 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon plaintiffs' motion to remand the action to state court. Based upon the file, record and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This case arises from an insurance coverage dispute following the death of Nancy E. Tiffany ("Ms. Tiffany") on August 1, 2002. Between 1987 and 1998, Ms. Tiffany purchased four life insurance

policies from defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). Each policy contained standard death benefits as well as an accidental death benefit provision that would pay an additional $20,000 if the insured died from accidental bodily injury. Ms. Tiffany's husband, plaintiff Clyde W. Tiffany ("Tiffany"), was the sole beneficiary of three of the policies. The fourth policy was payable to Ms. Tiffany's estate. Tiffany is the personal representative of Ms. Tiffany's estate. Ms. Tiffany's will provides that unless her husband preceded her in death or died at the same time that she did Tiffany is the lone beneficiary of her estate. (See Mennen Aff. Ex. A., arts. II, X.)

Following Ms. Tiffany's death, Northwestern Mutual paid the standard death benefits identified in each policy but refused to pay the accidental death benefits. Tiffany, in his individual capacity and as the personal representative of Ms. Tiffany's estate, filed an action in state court to recover the unpaid benefits. On August 9, 2007, Northwestern Mutual removed the action to federal court pursuant to 28 U.S.C. § 1332(a)(1), which provides for federal diversity jurisdiction. Plaintiffs now seek to remand the matter to state court, arguing that the amount in controversy requirement has not been satisfied.

## DISCUSSION

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A claim may be removed to federal court "only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand. See In re Bus. Men's, 992 F.2d at 183.

One basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. Jurisdiction under § 1332 requires complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. 28 U.S.C. § 1332. The separate and distinct

claims of two or more plaintiffs cannot be aggregated in order to satisfy the amount in controversy requirement. See Snyder v. Harris, 394 U.S. 332, 335 (1969). Multiple plaintiffs may aggregate their claims to satisfy the jurisdictional requirement only if the claims are based on a "common undivided interest." Troy Bank of Troy, Ind. v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911). An identifying characteristic of a "common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1079 (8th Cir. 2003).

In this case, Northwestern Mutual argues that the policy claim amounts should be aggregated because Tiffany is the named beneficiary of three of the life insurance policies and the personal representative and sole beneficiary of Ms. Tiffany's estate, as dictated by the terms of her will.[1] Northwestern Mutual maintains that this common interest unites Tiffany's individual and representative claims and that aggregation is therefore proper. Tiffany's interests, however, are not common and undivided. Specifically, if he were to fail to collect his interest as an individual beneficiary, his share as sole beneficiary of Ms.

---

[1] If combined, the $60,000 claim by Tiffany individually and the $20,000 claim by Tiffany as representative of Ms. Tiffany's estate would exceed the $75,000 required for diversity jurisdiction.

Tiffany's estate would not increase, and vice versa.  See Kessler, 347 F.3d at 1079.  Thus, the claims are separate and distinct, and the court does not have jurisdiction over this matter.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. No. 12] is granted.

Dated:  December 7, 2007

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court